IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*RICHMOND DIVISION*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:25-cr-92-REP |
| CRISTINA SCHASSE, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, CRISTINA SCHASSE, (hereinafter, "the defendant" or SCHASSE), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about June 14, 2023, July 26, 2023, and August 2, 2023, as set forth in Counts One through Three of the pending Criminal Information, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, CRISTINA SCHASSE, with reckless disregard for the risk that another person would be placed in danger of death or bodily injury, and under circumstances manifesting extreme indifference to such risk, did tamper with a consumer product that traveled in and affected interstate and foreign commerce in violation of Title 18, United States Code, Section 1365(a)(4).

2. Specifically, SCHASSE, while working as a Certified Registered Nurse Anesthetist (CRNA) in the endoscopy unit at Chippenham and Johnston-Willis Medical Center (CJWMC), tampered with the contents in syringes in a Pyxis machine that contained fentanyl, a Schedule II controlled substance, and midazolam, under the brand name Versed, a Schedule IV benzodiazepine controlled substance (referred to hereafter as "Versed"), by removing the syringes containing these controlled substances, placing them into her pockets, and replacing

1

them with syringes containing Precedex, a non-scheduled sedative, mixed with saline, and then mislabeling the syringes, with preprinted labels, as containing either fentanyl or Versed. SCHASSE then placed these mislabeled syringes back in the Pyxis machine, knowing that she would be administering the substituted drugs to multiple patients during their medical procedures. SCHASSE then administered the substituted drugs in the mislabeled syringes to multiple patients during their respective medical procedures.

3. Unbeknownst to SCHASSE at the time, CJWMC had video surveillance cameras installed above and pointing down at the Pyxis machine station where SCHASSE swapped out medications and mislabeled syringes containing the drugs destined for the patients entrusted to her care.

4. Video footage of the defendant at the Pyxis machines on June 14, 2023, July 26, 2023, and August 2, 2023, showed her drawing syringes containing fentanyl and Versed and placing them into her pockets. Video footage shows the defendant then preparing syringes of Precedex mixed with saline, and then marking those syringes with preprinted labels, misidentifying them as containing either fentanyl or Versed, and then placing the mislabeled syringes back into the Pyxis machine.

5. The defendant later administered the drugs in the mislabeled syringes to numerous patients during their medical procedures on each of the three above-referenced dates.

6. On August 2, 2023, the defendant was asked by her supervisor to leave her workstation, and she was instructed not to touch the syringes that remained on her workstation. In response, and before she could be stopped, the defendant emptied the contents of the syringes in an effort to destroy the evidence showing that she was pocketing syringes containing fentanyl and Versed.

7. The parties stipulate and agree that the defendant stole a total of 2,800 micrograms of fentanyl, and 59 milligrams of Versed during the time period set forth in the criminal Information and in paragraph 1 of this Statement of Facts. The parties further stipulate and agree that 2800 micrograms of fentanyl is equivalent to between 140 and 280 individual dosage units; and 59 milligrams of Versed is equivalent to between 25 and 50 individual dosage units.

8. The parties stipulate and agree that the defendant tampered with consumer products that traveled in and affected interstate or foreign commerce.

9. The parties further stipulate and agree that during the time period set forth in the criminal Information, after the patients were sedated with Propofol, SCHASSE administered to approximately two dozen CJWMC patients a mixture containing Precedex and saline rather than the fentanyl or Versed SCHASSE misrepresented they had received. In total, SCHASSE swapped drugs and mislabeled syringes as described above more than 30 times.

10. In a post-*Miranda* interview, SCHASSE admitted that while she was working as a CRNA at Chippenham and Johnston Willis Medical Center, she stole fentanyl and Versed, mislabeled syringes as fentanyl and Versed, and replaced the syringes with either Precedex and/or saline, which she then administered to her patients.

11. This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

12. The actions of the defendant, as recounted herein, were in all respects done with reckless disregard for the risk that another person would be placed in danger of death or bodily

3

injury and under circumstances manifesting extreme indifference to such risk, and were not committed by mistake, accident, or other innocent reason.

          Respectfully submitted,

          Erik S. Siebert
          United States Attorney

Date: June 25, 2025    By: *[signature]*
          Angela Mastandrea
          Patrick J. McGorman
          Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea entered into this day between the defendant, CRISTINA SCHASSE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt with admissible and credible evidence.

_____  6/25/25
CRISTINA SCHASSE              Date
Defendant

I am Craig S. Cooley, Esq., the defendant's attorney. I have carefully reviewed the above Statement of Facts with my client. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____  6/25/25
Craig S. Cooley, Esq.          Date
Attorney for Cristina Schasse

5

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 3:25-cr-92-REP |
| DEFENDANT'S NAME: | CRISTINA SCHASSE <br> Defendant |
| PAY THIS AMOUNT: | $300.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

    CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In-Person (9 AM to 4 PM) | By Mail: |
| --- | --- | --- |
| **Alexandria Cases:** | | Clerk, U.S. District Court <br> 401 Courthouse Square <br> Alexandria, VA 22314 |
| **Richmond Cases:** | | Clerk, U.S. District Court <br> 701 East Broad Street, Suite 3000 <br> Richmond, VA 23219 |
| **Newport News Cases:** | | Clerk, U.S. District Court <br> 2400 West Ave., Suite 100 <br> Newport News, VA 23607 |
| **Norfolk Cases:** | | Clerk, U.S. District Court <br> 600 Granby Street <br> Norfolk, VA 23510 |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**